IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) P&R Herefords, LLC )<br>(2) Paul Laubach )<br>　　*Plaintiffs,* )<br>)<br>v. )<br>)<br>(1) American Hereford Association )<br>(2) Jack Ward )<br>　　*Defendants.* ) | Case No. _____<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, P&R Herefords, LLC ("P&R") and Paul Laubach ("Laubach") (collectively, the "Plaintiffs"), bring this federal question action for violations of the Sherman Act and Clayton Act against Defendants, American Hereford Association ("AHA") and Jack Ward ("Ward") (collectively, the "Defendants").

## PARTIES

1. P&R is a limited liability company organized and operating under the laws of the State of Oklahoma and having a principal place of business in Leedey, Oklahoma.

2. Laubach is an Oklahoma resident and member of P&R. Laubach is a lifetime member of AHA and through P&R, operates a Hereford cattle breeding operation in Leedey and Okeene, Oklahoma.

3. AHA is a non-profit corporation organized and operating under the laws of the State of Arizona with its corporate headquarters at 11500 N. Ambassador Dr., Suite 410, Kansas City, Missouri 64153. AHA may be served via its Executive Vice-President and Secretary of record, Jack Ward ("Ward"), at its corporate headquarters. AHA, as the

— 1 —

sole trade and breed organization for Hereford cattle in the United States, has used its monopoly power to impose rules and regulations that amount to significant antitrust violation under both the Sherman Act and the Clayton Act, 15 U.S.C. §§ 1-2, 14.

4. Ward personally participated in, authorized, and implemented AHA's policies and practices that violate federal antitrust law, specifically the Sherman Act and the Clayton Act, 15 U.S.C. §§ 1-2, 14.

## JURISDICTION & VENUE

5. Federal question jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction of all civil actions arising under federal antitrust laws pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 2, 4, 14, 15, and 26.

6. Venue is proper in this District pursuant to 15 U.S.C. § 22 because AHA is found and/or transacts business within this District, and pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this District, including Plaintiffs' direct dealings with AHA and its agent Ward and the resulting economic harm.

7. This Court has personal jurisdiction over Ward because Ward personally engaged and directed anticompetitive conduct within this District. Accordingly, Ward maintains minimum contacts with this District sufficient to subject him to service of process and sufficient to comply with due process of law.

## FACTUAL ALLEGATIONS

8. The Sherman Act prohibits monopolization, attempted monopolization, and conspiracies to monopolize. 15 U.S.C. § 1.

9. The Sherman Act also prohibits contracts, trusts, or conspiracies that unreasonably restrain trade. 15 U.S.C. § 2.

10. The Clayton Act prohibits sales or contracts that condition one product on the forced purchase of another or that substantially lessen competition. 15 U.S.C. § 14.

11. AHA operates and regulates a nationwide market for registered Hereford cattle and related services, with members, transactions, and communications spanning multiple states, and the conduct alleged herein occurred in the flow of interstate commerce and/or had a substantial effect on interstate commerce.

12. AHA possesses monopoly power in the market for registered Hereford cattle in the United States because it is the only entity authorized to register Hereford cattle, and meaningful market participation is impossible without AHA's approval.

13. AHA has used its monopoly power to impose rules and regulations governing DNA testing and registration that effectively suppress competition and constitute an unreasonable restraint of trade.

### AHA's Antitrust Violations

14. AHA has expanded its mandatory DNA testing obligations beyond what is necessary to ensure breed integrity, such as parentage-only testing, to broader, non-integrity-related requirements, including paneled testing for genetic abnormalities, regardless of breeder need or preference, and now conditions registration on such testing.

15. AHA mandates that all testing be conducted exclusively through its designated laboratory and refuses to accept results from competing providers even when those laboratories meet or exceed industry standards.

16. AHA unilaterally sets inflated prices for its required DNA testing, such as charging $20 for an MD abnormality test that costs AHA $12.

17. AHA asserts ownership and control over submitted biological samples and associated genetic data and imposes surcharges for members to retrieve such samples and data, the members' very own DNA property that the members themselves paid for.

18. AHA's practices raise prices, eliminate vendor choice, suppress innovation, foreclose competitors, and entrench its monopoly position, causing actual and threatened injury to Laubach, P&R, and to the marketplace as a whole.

## CAUSES OF ACTION

### COUNT I
### Violations of Federal Antitrust Law
### 15 U.S.C. §§ 1-2, 14

19. Plaintiffs reincorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

20. Defendants have monopolized trade and commerce in the nation-wide registered Hereford market and have used that monopoly power to engage in a contract, combination or conspiracy in restraint of interstate trade or commerce that has unlawfully and substantially lessened competition by engaging in an unlawful tying arrangement, unlawful exclusive dealing, and additional practices that unreasonably restrained trade, in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14.

21. AHA engaged in an unlawful tying arrangement by conditioning access to registration (the tying product) on the purchase of bundled DNA testing and data services

(the tied products) through AHA's exclusive pipeline. AHA has total economic power in the registered Hereford market and such an arrangement affects a substantial volume of commerce in both the market for registered Hereford cattle and the market for DNA testing.

22. AHA engaged in unlawful exclusive dealing by designating an exclusive laboratory by which its members were required to obtain DNA testing at inflated AHA-set prices, and by prohibiting members from using and refusing to accept results from qualified, alternative laboratories.

23. AHA engaged in unlawful practices that have distorted the marketplace for both registered Hereford cattle and genetic testing. By using its monopoly power to unreasonably control entry into the registered Hereford cattle market, AHA has effectively eliminated market choice. Through its gatekeeping of required genetic information and its control over access to registration, AHA has prevented true competition from setting prices, thereby inflating costs, suppressing competition, and depriving breeders of the ability to make economically rational decisions.

24. Ward knowingly participated in affecting AHA's monopolization and anticompetitive conduct with knowledge of its probable anticompetitive consequences.

25. Defendants' policies and conduct have caused substantial anticompetitive effects within the relevant market, which outweigh any alleged pro-competitive benefits or legitimate standard-setting.

26. As a direct and proximate result of Defendants' unlawful and anticompetitive policies and conduct, Plaintiffs have been injured and damages in their business and

property in an amount to be determined at trial and is entitled to recover threefold the damages sustained pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs pray that:

a) This Court adjudge and decree that AHA's policies and conduct, as described above, as violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2 and a violation of Section 3 of the Clayton Act, 15 U.S.C. § 1.

b) This Court grant an injunction pursuant to the powers granted to it pursuant to 15 U.S.C. § 26, enjoining AHA and its affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, from, in any manner, continuing, maintaining, or renewing any contract, combination and/or conspiracy alleged herein, or from engaging in any other contract, combination, and/or conspiracy having similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect, including but not limited to:

  1) Conditioning registration on bundled DNA testing, including testing for scientifically unnecessary or impossible issues and for Genomic Enhanced EPD testing for traits such as birth weight, milk, or marbling;

  2) Requiring the use of an exclusive DNA testing vendor and from refusing to accept results from reputable third-party laboratories meeting applicable standards;

  3) Claiming ownership over members' DNA samples and genetic data and from charging members a surcharge to retrieve such data;

c) This Court order AHA to restore and ensure member access to and ownership of their DNA samples and genetic data;

d) This Court order AHA to amend its bylaws, rules and regulations, and policies and practices to conform with the above orders and injunctions;

e) This Court enter judgment for Plaintiffs, and against Defendants, jointly and severally, for three times the amount of damages sustained by Plaintiffs pursuant to 15 U.S.C. § 15;

f) This Court award Plaintiffs interest plus the costs of this action;

g) This Court award Plaintiffs their reasonable attorneys' fees;

h) This Court grant such other and further relief as it shall deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial of all issues triable by jury.

Respectfully submitted,

*s/ David A. Elder*
David A. Elder, OBA #20687
Matthew W. Brockman, OBA #22077
Austin S. Dodd, OBA # 36619
HARTZOG CONGER CASON LLP
201 Robert S. Kerr, Suite 1601
Oklahoma City, OK 73102
Telephone: (405) 235-7000
delder@hartzoglaw.com
mbrockman@hartzoglaw.com
adodd@hartzoglaw.com

**ATTORNEYS FOR PLAINTIFFS,
PAUL LAUBACH AND P&R HEREFORDS, LLC**